J-S09036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ADRIAN SIMON REID | : | |
| | : | |
| Appellant | : | No. 858 MDA 2017 |

Appeal from the Judgment of Sentence March 23, 2017
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002697-2016

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED APRIL 10, 2018**

Appellant, Adrian Simon Reid, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his open guilty plea to disorderly conduct.[1] We affirm.

The relevant facts and procedural history of this case are as follows.

> [The] charges stemmed from a June 9, 2016, incident at the WalMart in Dickson City, Lackawanna County, Pennsylvania, where [Appellant] cashed two fraudulent checks made payable to him from Marywood University as part of a larger check cashing scheme.
>
> On January 27, 2017, [Appellant] entered an [open] guilty plea to one (1) count of [d]isorderly [c]onduct and the remaining charges were *nolle prossed*. Prior to entering his guilty plea, [Appellant] executed a lengthy written plea colloquy form in which [he] indicated his awareness of the

---

[1] 18 Pa.C.S.A. § 5503(a)(4).

---

* Retired Senior Judge assigned to the Superior Court.

maximum penalties he was facing, the elements of the crimes charged, his satisfaction with counsel, and the terms of the plea agreement. Moreover, [the court] also conducted an on the record inquiry into…whether [Appellant] was entering a knowing, voluntary, and intelligent plea. After receiving satisfactory responses from [Appellant], [the court] accepted the guilty plea.

On March 23, 2017, [the court] sentenced [Appellant] to three (3) to twelve (12) months' confinement, consecutive to the unrelated sentence he was serving under [docket number 2670-2015] for [p]ossession with [i]ntent to [d]eliver.

On April 3, 2017, [Appellant timely] filed a [m]otion for [r]econsideration of [s]entence, which [the court] denied on April 19, 2017.

(Trial Court Opinion, filed July 19, 2017, at 1-2) (internal citations omitted).

Appellant timely filed a notice of appeal on May 19, 2017. On May 22, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on June 12, 2017.

Appellant raises the following issue for our review:

WHETHER THE SENTENCING COURT ABUSED ITS DISCRETION IN SENTENCING…APPELLANT TO [A] SENTENCE OF THREE (3) TO TWELVE (12) MONTHS['] INCARCERATION, TO BE SERVED CONSECUTIVE TO A PERIOD OF INCARCERATION OF EIGHT (8) TO TWENTY-THREE (23) [MONTHS' INCARCERATION] THAT…APPELLANT WAS SERVING IN AN UNRELATED MATTER…?

(Appellant's Brief at 8).

Appellant argues the trial court failed to state its reasons on the record for sentencing Appellant in the aggravated range of the sentencing

guidelines. Appellant further complains the trial court did not state its reasons for imposing the sentence consecutive to one Appellant was serving in an unrelated case. Appellant submits the court failed to consider the relevant criteria contained in the Sentencing Code, which resulted in a sentence that is inconsistent with the protection of the public, the gravity of the offense as it relates to the impact on the community, and Appellant's rehabilitative needs. Appellant concludes this Court should vacate his judgment of sentence. As presented, Appellant challenges the discretionary aspects of his sentence.[2] *See Commonwealth v. Cartrette*, 83 A.3d 1031 (Pa.Super. 2013) (*en banc*) (explaining claim sentencing court failed to follow Section 9721(b) factors pertains to discretionary sentencing matters); *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595 (Pa.Super. 2010) (explaining challenge to imposition of consecutive sentences implicates discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d

_____

[2] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his...sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Additionally, "[a]s a general rule, any issues not raised in a [Rule] 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting **Commonwealth v. Lord**, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing

- 4 -

decision to **exceptional** cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13. A challenge to the consecutive imposition of a sentence to one a defendant was already serving does not ordinarily raise a substantial question. ***Commonwealth v. Marts***, 889 A.2d 608 (Pa.Super. 2005).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005).

Here, Appellant preserved his challenge to the court's imposition of a consecutive sentence in a timely filed post-sentence motion, a Rule 1925(b) statement, and a Rule 2119(f) statement. Appellant's challenge to the court's imposition of the sentence in this case to be served consecutively to the one Appellant was serving in a different case, however, does not raise a substantial question. ***See Evans, supra***; ***Marts, supra***. To the extent Appellant argues the court did not state its reasons on the record for the aggravated range sentence, Appellant failed to preserve this specific claim in his timely filed post-sentence or in his Rule 1925(b) statement. Thus, that portion of Appellant's sentencing issue is waived. ***See Evans, supra***; ***Castillo, supra***. Accordingly, we affirm.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/2018